Green, Judge,
delivered the opinion of the court:
Plaintiff brings this suit to recover $22 paid to the collector of internal revenue at Philadelphia in 1924 and 1925 as taxes upon dues to the Manufacturers’ Club of Philadelphia, the Commissioner of Internal Pevenue having ruled that the social features of said club form a material purpose of the organization and that it is a social club within the meaning of the Federal revenue act in force at that time. The question in the case is whether this ruling was correct.
To set out all of the activities of the Manufacturers’ Club would be to unduly extend this opinion, but .a list of some of the most important features in a social way is, we think, sufficient for the decision of the case.
This club was incorporated in 1887 under the laws of the State of Pennsylvania. The act under which it was incorporated provides, among other things, for the creation of corporations “ for the encouragement and protection of trade and commerce.” Provision VI of this corporation act states the purpose of clubs organized thereunder to be for “ The maintenance of a club for social enjoyments,” and the charter provides that the purpose of the association is to maintain the club for social enjoyments, to bring the manufacturers of the city of Philadelphia and vicinity into more cordial and social relations, and to enable them to act unitedly in all affairs of interest to their industries. It appears, however, that the membership of the club is not confined to persons connected with the manufacturing industry.
The club occupies a ten-story and basement stone building, which cost approximately $2,700,000.
*229 In the basement of this building is a barber shop, Turkish bath room, bowling alley, pool and billiard room, and a large grillroom. On the first floor there is ¡a large lobby and a large waiting room equipped with comfortable chairs and lounges, a clerk’s office, telephone booths, and a small room used for quick lunch and refreshments. On the second floor there are directors’ and committee rooms, a large library and reading room, and a large assembly room. On the third floor is an auditorium used for large meetings, conventions, lectures, entertainments, etc., which is available for private functions, and is rented to private parties for social iiurposes. The fourth, fifth, sixth, and seventh floors contain seventy-four rooms, principally used as bedrooms, suites of rooms, and living quarters for club members who desire to live at the club and guests having appropriate cards. On the eighth floor is the general dining room, in which ladies are permitted to be present with members. There is also a wing of the dining room which can be cut off, making a large private dining room for small meetings and conferences. The tenth and top floor contains the main all-the-year-round dining room.
A partial list of the celebrations, social activities, and special events for the entertainment of members is found in Finding XIY. It is too long for repetition in the opinion and includes a great variety of entertainments, such as dinners for guests of honor and dinners with entertainers, luncheons, smokers, dances, musicales, and motion pictures. 'Rowling alleys and a pool and billiard room were provided which were supervised by special committees. The bowling alleys were also used for interclub bowling tournaments. The facilities of the club were available and used for wedding parties, receptions, and other social functions which drib members might desire. The fees received for such private functions formed a portion of the club revenue.
It is probable that there are few clubs of a purely social nature anywhere in this country that make such elaborate provisions for social enjoyments. It may be that the other activities of the club, which are shown in the findings of fact and which are also too numerous to be set out in the opinion, were more extensive than those of a social nature. *230 Among them was the publication of a journal known as “ The Manufacturer,” and while mostly devoted to business matters, it contained a department concerning the social life of the club. In a general way the activities of the club may be separated into three divisions: First, those connected with business, particularly in manufacturing lines; second, those of a civic nature, having for their object some public benefit; and third, those of a purely social nature. The social activities were so extensive as to make it clear that they were and are a material part of the activities of the club organization and not merely incidental to its main purpose. In such a case, under the regulations of the Treasury Department and the rulings of the Commissioner of Internal Revenue, the organization is a social club within the meaning of the law. We think this ruling is correct.
The petition must be dismissed. It is so ordered.
Sinnott, Judge; Moss, Judge; and Booth, Chief Justice, concur.
Graham, Judge, took no part in the decision of this case.